O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL VARGAS DIAZ,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. ED CV 14-1705 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

  Rafael Vargas Diaz ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Plaintiff contends that the ALJ erroneously determined at step five of his evaluation, based on a Vocational Expert ("VE")'s testimony, that Plaintiff could work as hand packager inspector or a small product assembler. Specifically, Plaintiff contends that the ALJ's residual functional capacity ("RFC") finding that Plaintiff needs to stand and stretch "up to 5 minutes per hour, but not necessarily consecutive" conflicts with the Dictionary of Occupational Titles ("DOT")'s descriptions of those jobs. (Joint Stip. at 4-11, 15-16.)

/ /

/ /

1

### A. No Conflict Between Job Description and Plaintiff's RFC

First, as a matter of law, neither the DOT nor the testimony of a VE "automatically 'trumps' when there is a conflict" between the two. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). Instead, if a conflict *appears* to exist, the ALJ must obtain a "reasonable explanation" for that conflict. *Id.*; *see also* Soc. Sec. Ruling 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000).

Here, preliminarily, the alleged conflict between the VE's testimony that Plaintiff could perform the alternative jobs despite the five-minute stand/stretch limitation[1] does not exist because the DOT[2] is silent regarding such a limitation. (AR at 51-53); *see Brummett v. Colvin*, 2015 WL 3777372, at *6 (D. Colo. June 16, 2015) (DOT's silence with respect to stand/stretch limitation does not create a conflict with VE's testimony); *Harvey v. Astrue*, 2010 WL 236817, at *13-14 (N.D. Cal. July 16, 2010) ("Where the DOT does not include information about . . . the existence of a sit/stand option . . . [the VE's] testimony supplements the DOT, rather than conflict[s] with it.")

Consequently, no inherent conflict exists between the DOT and either the VE's testimony or Plaintiff's RFC.

### B. Step Five Challenge Not Preserved on Appeal

Second, as a rule, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).

In the instant case, Plaintiff was represented by counsel at the administrative hearing, but did not explore this issue before the ALJ. (AR at 53.) Accordingly, the

---

[1] Plaintiff refers to the stand/stretch limitation interchangeably as an option to "stand[] and stretch[]," "alternate positions," or "sit/stand." (Joint Stip. at 6-9, 15-16.)

[2] DOT Nos. 559.687-074, 1991 WL 683797; 706.684-022, 1991 WL 679050.

issue is waived.[3] *See Howard v. Astrue*, 330 F. App'x 128, 130 (9th Cir. 2009) (challenge to VE's testimony waived where claimant's attorney had opportunity to question VE about limitation but did not do so); *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000) (cautioning against allowing claimant to scan record for unexplained conflicts between expert witness testimony and voluminous provisions of DOT, and then present conflict as reversible error when it was not considered sufficient to merit adversarial testing during administrative hearing).

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: September 04, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*

---

[3] This is particularly true here, where it is not intuitive that Plaintiff's need to stand and stretch, for a few minutes every hour, would be precluded by a DOT definition. *See Savasli v. Colvin*, 2015 WL 263482, at *2 (C.D. Cal. Jan. 20, 2015) (claimant should have raise issue of alleged conflict with DOT at hearing, particularly because it was not intuitive that restriction would be precluded by the DOT).

3